IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANUAL GALVAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 CV 4003 |
| | ) | Judge Shadur |
| THOMAS NORBERG and ALAN LUCAS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ALTERNATIVE MOTION FOR JUDGMENT
AS A MATTER OF LAW ON DAMAGES**

Defendants, Officer Thomas Norberg and Officer Alan Lucas, pursuant to Rule 50 of the Federal Rules of Civil Procedure, and for their Alternative Motion for Judgment as a Matter of Law on Damages, should their Motion for Judgment as a Matter of Law on Liability be denied, state as follows:

**I.    EVIDENCE ELICITED DURING TRIAL**

On December 30, 2002, Defendants stopped Plaintiff's vehicle because it matched a vehicle described in an anonymous tip. Upon discovering suspected marijuana in the cab of the pick-up truck, Defendants arrested Plaintiff and his passenger. In an inventory search of the truck bed, Defendants discovered what they believed to be two large bales of marijuana. Defendants charged Plaintiff with felony possession of marijuana. Plaintiff appeared in Circuit Court the following morning for his *Gerstein* hearing, and the court found that probable cause existed to detain Plaintiff. The Illinois Crime Lab subsequently determined that the smaller bags of suspect marijuana were marijuana, but that the bales were not. On January 17, 2003, the State's Attorney's Office filed a writ requesting that Plaintiff be brought to court on January 21, 2003. On January 21, 2003, the State's

Attorney's Office moved for *nolle prosequi*. Plaintiff was not immediately released, and appeared for his previously scheduled hearing on January 23, 2003. The State's Attorney's Office reaffirmed its *nolle prosequi*, and Plaintiff was released.

## II.     STANDARD FOR JUDGMENT AS A MATTER OF LAW

"'[I]n every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" *Ford v. Childers*, 855 F.2d 1271, 1274 (7th Cir. 1988) (*emphasis in original*) (*quoting Improvement Co. v. Munson*, 81 U.S. 442 (1872). A Rule 50 movant is entitled to judgment as a matter of law "if a reasonable person could not find that the evidence supports a decision for a party on each essential element of the case, viewing the evidence in the light most favorable to the non-movant." *Campbell v. Peters*, 256 F.3d 695, 699 (7th Cir. 2001).

## III.    ISSUES OF LAW

Defendants <u>do not</u> concede liability. Nevertheless, Defendants seek judgment as a matter of law with regard to the amount and type of damages Plaintiff may be entitled to should the jury find in his favor on liability.

### a.     **If Defendants Arrested Plaintiff Without Probable Cause, Plaintiff Is Entitled Only To Damages Incurred Before *Gerstein*.**

If Defendants wrongfully arrested Plaintiff, Plaintiff's damages should be nominal or otherwise limited to those incurred between the moment of seizure and the Circuit Court's finding of probable cause. Plaintiff has alleged only Fourth Amendment

violations. A seizure, under the Fourth Amendment, ends at a *Gerstein*[1] hearing. *Reed v. City of Chicago*, 77 F.3d 1049, 1052 (7th Cir. 1996). Thus, damages for a wrongful arrest are limited to those incurred between the seizure and an arrestee's first court hearing. *See Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006) (*citing Wiley v. City of Chicago*, 361 F.3d 994, 998 (7th Cir. 2004) and *Gauger v. Hendle*, 349 F.3d 354, 363 (7th Cir. 2004). Assuming, *arguendo*, Defendants wrongfully arrested Plaintiff, Plaintiff is entitled to damages only for the time between his arrest and his appearance in bond court the following morning.

Plaintiff may argue that this well-established limitation on damages is inapplicable because Defendants improperly exerted influence over the prosecutor or made knowing misstatements to the prosecutor. *See Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996) (*citing Senra v. Cunningham*, 9 F.3d 168, 173 (1st Cir. 1993)); and *Townes v. City of New York*, 176 F.3d 138, 147 (2nd Cir. 1999). Any such argument is unavailing. Plaintiff has put forth no evidence that Defendants improperly attempted to exert influence over the State's Attorney's Office, and Plaintiff has presented no evidence that Defendants made knowing misstatements to the prosecutor or in their reports.[2] There is no evidence that the Defendants lied to prosecutors, testified falsely, or withheld exculpatory evidence; indeed, the State's Attorney's Office received the negative lab result and advanced Plaintiff's case for dismissal, though it could have prosecuted not only the smaller bags but also the bales. *See Garcia v City of Chicago*, 24 F.3d 966, 971

---

[1] A *Gerstein* hearing is a probable cause hearing held after a warrantless arrest. *Reed v. City of Chicago*, 77 F.3d 1049, 1052 (7th Cir. 1996) (citing *Gerstein v. Pugh*, 420 U.S. 103, 126 (1975)).

[2] Admittedly, Defendants' Vice Case Report contains a minor error with regard to the direction the passenger kicked the small bags of marijuana. Plaintiff has offered no evidence suggesting that this error prompted any prosecutorial action. Furthermore, while Defendants were mistaken in their belief that the bales were marijuana, the evidence clearly establishes that Defendants' belief was reasonable, and no evidence suggests that Defendants knowingly misrepresented this belief.

3

(7th Cir. 1994). And, even if Defendants did receive the negative lab finding, they were under no duty to take any action to secure Plaintiff's release. *Id*. at 971-72.

### b. If Defendants Stopped Plaintiff Without Reasonable Suspicion, Plaintiff Is Entitled Only To Nominal Damages.

If Defendants' initial investigative stop of Plaintiff's truck was without reasonable suspicion, Plaintiff may only recover damages only for the exceedingly brief period of time between the initial stop and Defendants' discovery of marijuana in the cab of the truck. "Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy-including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." *Townes* at 148. There is no fruit of the poisonous tree doctrine in § 1983 cases. *Townes* at 149. So, where a stop is improper but leads to probable cause to arrest, a plaintiff may recover only for the "brief invasion of privacy related to the seizure and initial search…" *Id*.

Thus, if the Officers did not have reasonable suspicion to curb Plaintiff's vehicle, Plaintiff may be entitled to damages for that initial stop. Plaintiff, however, would not be entitled to damages for his ensuing arrest which was based on probable cause, to wit, the bags of marijuana Defendants saw almost immediately after stopping Plaintiff. Under these circumstances, Plaintiff's damages, if any, should be limited to those incurred during the couple minutes (at most) between the stop and probable cause. In other words, Plaintiff should not be permitted to recover more than mere nominal damages.

### c. **Plaintiff Is Not Entitled To Punitive Damages.**

"A jury may award punitive damages in § 1983 actions if it finds conduct motivated by evil intent or callous indifference to the federally-protected rights of plaintiffs." *Coulter v. Vitale*, 882 F.2d 1286, 1289 (7th Cir. 1989) (*citing Erwin v. County of Manitowoc*, 872 F.2d 1292, 1299 (7th Cir. 1989)). Plaintiff has failed to present any evidence that could support a determination that Defendants acted with evil intent or callous indifference.

Plaintiff's evidence has established that Defendants' supervisor, Lt. Porebski, directed them to follow up on the tip Lucas received. Defendants pulled over Plaintiff's truck because it matched a tip provided to Lucas about drug activity. Plaintiff's evidence has also established that Defendants discovered suspected marijuana in the cab and bed of the truck. While Plaintiff suggested during his examination of the officers that the tip was fabricated and the marijuana in the front of the cab planted, Plaintiff has not presented any evidence in support of these contentions. Plaintiff may argue that Defendants' belief that the bales in the bed of the truck were marijuana is a basis for punitive damages. This argument is without merit, though, when one considers the efforts Defendants undertook to determine whether the bales were marijuana (e.g. lighting it and consulting other officers). These actions do not reflect an evil intent or callous indifference. True, Defendants were mistaken in their belief, but such a mistake is hardly grounds to impose punitive damages. Defendants therefore request that the Court rule as a matter of law that punitive damages are not recoverable.

## IV. CONCLUSION

WHEREFORE, Officer Thomas Norberg and Officer Alan Lucas respectfully request that this Honorable Court grant their Motion for Judgment as a Matter of Law on Damages, along with any further relief this Court deems equitable and just.

Respectfully Submitted,

OFFICER THOMAS NORBERG and
OFFICER ALAN LUCAS

by     s/ Michael S. McGrory
One of their attorneys

Alan L. Farkas
Michael S. McGrory
MADSEN, FARKAS & POWEN, LLC
20 S. Clark Street, Suite 1050
Chicago, Illinois 60603
(312) 379-3444
(312) 379-3443 fax